UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ROBERTA APTHEKER f/k/a
ROBERTA D. WITHAM, *on behalf
of herself and all others similarly situated,*

    Plaintiff,

v.

GLOBAL CREDIT & COLLECTION
CORPORATION, *a Delaware Corporation,*

    Defendant.
_____/

## CLASS ACTION COMPLAINT

1. Plaintiff alleges violations of the *Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.* ("*FDCPA*").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under the *Fair Debt Collection Practices Act*, pursuant to *28 U.S.C. §1331* and *15 U.S.C. §1692k*.

3. Venue in this District is proper because Plaintiff resides here, and Defendant conducts business in this District.

## PARTIES

4. Plaintiff, Roberta Aptheker f/k/a Roberta D. Witham ("Plaintiff"), is a natural person residing in Palm Beach County in the State of Florida.

5. Defendant, Global Credit & Collection Corporation ("Defendant"), is a Delaware Corporation engaged in the business of collecting consumer debts, which operates from offices located at 5440 N. Cumberland Street, Suite 300, Chicago, Illinois 60656.

6. Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debts.

7. Defendant regularly collects or attempts to collect consumer debts for other parties. Defendant is a "debt collector" as defined by the *FDCPA*.

8. At all times material to the allegations of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## **FACTUAL ALLEGATIONS**

9. Defendant sought to collect a consumer debt from Plaintiff arising from an alleged delinquency on a credit card. The debt was incurred primarily for personal, household or family purposes.

10. On or about December 11, 2018, Defendant mailed, or caused to be mailed, a written communication to Plaintiff seeking payment of an alleged debt. (The "Demand Letter" is attached hereto as "Exhibit 1").

11. The Demand Letter states, in part:

> As soon as we receive your payment in full on the above-noted account all collection activity will be stopped.

12. The Demand Letter was Defendant's initial communication with Plaintiff with respect to the debt alleged therein.

13. *15 U.S.C. §1692g(a)-(b)* states:

Validation of debts

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> (b) Disputed debts
>
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. **Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

(Emphasis added).

## CLASS ACTION ALLEGATIONS

14. This action is brought on behalf of a Class consisting of (i) all natural persons with addresses in the State of Florida (ii) to whom initial communication letters were mailed, or caused to be mailed, (iii) that contained the phrase: "As soon as we receive your payment in full on the above-noted account all collection activity will be stopped." (iv) by the Defendant (v) in connection with the collection of a debt incurred for personal, family, or household purposes (vi) that were not returned undeliverable by the U.S. Post Office (vii) during the one-year period prior to the filing of the Complaint in this action.

15. Plaintiff alleges on information and belief that Defendant's practice of mailing, or causing to be mailed, initial written communications that stated "As soon as we receive your payment in full on the above-noted account all collection activity will be stopped." in the initial written communication served upon the Class is so numerous that joinder of all members of the Class is impractical.

16. There are questions of law or fact common to the Class. The common issues predominate over any issues involving only individual Class members. The common legal and factual issue to each Class member is that each was mailed, or caused to be mailed, an initial communication letter by Defendant that stated "As soon as we receive your payment in full on the above-noted account all collection activity will be stopped."

17. Plaintiff's claim is typical of those of the Class members. All are based on the same facts and legal theories.

18. Plaintiff will fairly and adequately protect the interests of the Class. She has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA*

and Class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

19. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Plaintiff requests certification of a Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* for monetary damages; her appointment as Class Representative; and that her attorney, Leo W. Desmond, be appointed Class Counsel.

## COUNT I CLASS CLAIM
## VIOLATION OF *15 U.S.C. §1692g(b)*

21. Plaintiff re-alleges and incorporates Paragraphs 1 through 13.

22. *15 U.S.C. §1692g(b)* states:

> (b) Disputed debts
>
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. **Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to**

> **dispute the debt or request the name and address of the original creditor.**

(Emphasis added).

23. Defendant mailed, or caused to be mailed, the Demand Letter to Plaintiff in an attempt to collect a consumer debt, namely, to collect the balance owed on a credit card debt.

24. Pursuant to the *FDCPA*, the Demand Letter was an initial communication between Defendant and Plaintiff.

25. Defendant's statement "As soon as we receive your payment in full on the above-noted account all collection activity will be stopped." overshadows Plaintiff's thirty-day dispute and verification rights period as provided by *15 U.S.C. §1692g*, as it suggests that the receipt of a full payment will stop the collection activity rather than a written dispute of the debt pursuant to *15 U.S.C. §1692g(4)*, or a written request for the name of the original creditor pursuant to *15 U.S.C. §1692g(5)*. The statement also suggests that only a payment in full will stop the collection process, even if the amount of the debt is incorrect or disputed.

26. The verification rights provided by *15 U.S.C. §1692g* must be effectively conveyed to the consumer.

27. While stating that collection activity will cease after a full payment is received, Defendant does not inform the consumer debtor that all collection activity will cease if the consumer debtor disputes the debt or any portion of the debt in writing, until verification is provided by the Defendant, or if the consumer debtor requests, in writing, the name of the original creditor, until such information is provided to the consumer debtor. As such, the Demand Letter overshadows and contradicts Plaintiff's thirty-day dispute and verification rights period as provided by *15 U.S.C. §1692g(a)*, and the requirements of *15 U.S.C. §1692g(b)*.

28. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

29. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## COUNT II CLASS CLAIM
## VIOLATION OF *15 U.S.C. §1692e*

30. Plaintiff re-alleges and incorporates Paragraphs 1 through 13, and Paragraphs 22 through 27.

31. *15 U.S.C. §1692e(10)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

32. Defendant mailed, or caused to be mailed the Demand Letter to Plaintiff in an attempt to collect a consumer debt, namely, to collect the balance owed on a credit card debt.

33. The Demand Letter was an initial communication used in the collection of a debt between Defendant and Plaintiff.

34. Defendant's Demand Letter states: "As soon as we receive your payment in full on the above-noted account all collection activity will be stopped." which misleadingly leaves the Plaintiff and Class to believe that all collection activity will cease only if the account is paid in full rather than if the consumer debtor disputes the debt or any portion of the debt in writing, at least until verification is provided by the Defendant, or if the consumer debtor requests, in writing, the name of the original creditor, until such information is provided to the consumer debtor. As such, the Demand Letter overshadows and contradicts Plaintiff's thirty-day dispute and verification rights period as provided by *15 U.S.C. §1692g(a)*, and the requirements of *15 U.S.C. §1692g(b)*. Additionally, the statement seems to negate the language of *15 U.S.C. §1692c(c)*,

which requires the debt collector to stop attempting to communicate with the consumer debtor of requested to do so by the debtor.

36. Defendant's Demand Letter would be deceptive to the least sophisticated consumer with regard to his/her legal rights.

36. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

37. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

a. An Order certifying the *FDCPA* matter as a Class Action and appointment of Plaintiff as Class Representative;

b. An Order appointing Leo W. Desmond as Class Counsel;

c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k* for all Class claims;

d. An award of attorney's fees, litigation expenses and costs of the instant suit; and

e. Such other and further relief as the Court deems proper.

Dated: June 5, 2019.

Respectfully submitted,

By:/s/ *Leo W. Desmond*
Leo W. Desmond, Esq.
Florida Bar Number 0041920
DESMOND LAW FIRM, P.C.
5070 Highway A1A, Suite D
Vero Beach, Florida 32963
Telephone: 772.231.9600

Facsimile: 772.231.0300
lwd@desmondlawfirm.com
*Attorney for Plaintiff*